SMITH *and others against* DUDLEY.

ERROR *to Chicot Circuit Court.*

It would be the better practice not to regard a general assignment of errors, although it has never been expressly ruled or implicitly observed by this court.

Upon a motion to dismiss a suit for want of a bond for costs, on the ground of non-residence of the plaintiff at the institution of the suit, no question as to the sufficiency of the security could legitimately arise, until the fact of the plaintiff's non-residence, was established, which could only be done by his own admission, or other competent legal testimony.

And where the fact of the plaintiff's non-residence is no where stated in the record, nor stated or recited in the bond for costs, the presumption is that the court below was right in overruling the motion to dismiss.

This was an action of debt, brought by *Peter Dudley*, executor of *Isham Talbot*, deceased, and assignee of *Theobald & Bain*, against *Grandison C. Smith*, *George W. C. Graves*, and *Claiborne W. Smith*. A bond for costs was filed by *Wm. H. Sutton* and *Thomas Ware*, conditioned that Dudley would pay, or cause to be paid, all costs which might be incurred in the investigation and determination of the suit.

The defendants moved to dismiss the suit for insufficiency of the bond for costs, which motion the court overruled, and rendered judgment against the defendants. The suit was instituted before the adoption of the revised statutes, but the motion to dismiss was made afterwards.

TRAPNALL & COCKE, for plaintiffs in error:

This was an action of debt brought by a non-resident. The defendant moved to dismiss the cause for want of a sufficient bond for costs. The court overruled the motion.

The propriety of that judgment is presented by the assignment of errors, for the consideration of the Supreme Court.

The condition of the bond is, that the plaintiffs will pay all the costs " that may accrue in the investigation and determination of the case."

The statute requires a bond for all the costs that may accrue in

Smith *and others against* Dudley.

the case, and costs may accrue before the investigation and after the determination of the case; and, therefore, the condition of the bond in this case, does not correspond with the statute.

The new statute merely changes the mode of proceeding upon the failure to give bond, and the party is bound to take remedies in existence, at the time he makes his motion.

FOWLER, *contra:*

The defendant in this case insists, that there is no error in the record and proceedings, or in the rendition of the judgment. That he brought suit in the court below, on a writing obligatory, assigned to to him *personally*, in which he was named and described as, and was in fact, *executor* of Isham Talbot, deceased. The term *executor* there used, was but a word of *description*, and the court will perceive that the declaration and process are good, and served according to law; and that judgment was thereupon rendered regularly in the court below, good in substance at least. The bond for costs filed was also good, *in substance at least*, being filed under the old laws, see *Gey. Dig. p.* 243, 244, *sec.* 5; and if not good, the defendants below did not impeach it in a proper manner, and are therefore excluded from deriving any benefit from any existing defect therein. *Vide* cases decided at a former term of this court, of *Means and Cromwell*, and other cases at same term. This much upon the subject of the record generally, as no error has been assigned by the said plaintiffs in error, leading to any particular point or decision of the court below, which they design to impeach. But two errors are assigned, the first of which, the court will perceive at a glance, has no application whatever, even the most remote, to the case. The record shows no entry of any judgment *nunc pro tunc;* but on the other hand, affirmatively shows that no such order or judgment ever could have been made. Therefore, the first assignment does not touch the case. The second, and only remaining error assigned, is the general one, that *the judgment was rendered* for the wrong party. This is too general; it means nothing, and the court will not examine any error under it. *Vide New Code, title Practice in Supreme Court.* And, also, *the Rules of this Court.*

Smith *and others against* Dudley.

RINGO, *Chief Justice*, delivered the opinion of the Court:

The matter first assigned as error is, " that the court below permitted the plaintiffs to enter, or enroll, or re-instate the judgment previously rendered in the case, without any authority in law, and without any notice to the defendant." This assignment is contradicted by the record, which shows affirmatively that the assignment was regularly recorded at the time when it was given, instead of the entry, enrolment, or re-instating of a judgment previously pronounced, and therefore it presents no question to be decided by this court.

The second and only remaining assignment of error, is general, that judgment was rendered for the plaintiffs, whereas, by the law, it should have been for the defendants. The defendant insists, that by the statute regulating the practice in the Supreme Court, in cases brought before it by appeal or writ of error, and the rule of practice adopted by it, such general assignment is not authorized; and that the court should not therefore examine the record, for the purpose of discovering and correcting the errors which may exist therein; and this, we have no doubt, is the better practice, although it has never been expressly ruled or implicitly observed by the court. There certainly would not be any very great hardship in the rule requiring the appellant or plaintiff in error to specify, and set out particularly, the errors whereby he thinks himself aggrieved, by which the court would be relieved from the labor of investigating the whole record, to ascertain whether any error to his prejudice exists in it. Yet, in the present case, we do not deem it necessary to make the rule imperative, or rigidly observe its injunctions, as the result would not be changed by it; and therefore we purposely avoid expressing any opinion as to the legal consequences of such general assignment of errors, and will proceed to consider the point mentioned in the briefs, and presented by the record, which is simply this: " that the court erred in refusing to dismiss the suit, on the motion of the plaintiffs in error, for insufficiency of the bond for costs." This motion could only have been predicated on the ground, that Dudley was a non-resident of this state, when the suit was instituted; because, if the fact was otherwise, there was no necessity for his filing such bond prior to the commencement thereof, or indeed at any time, unless ruled to give

Smith *and others against* Dudley.

security for the costs of suit; and no such rule appears to have been made in this case, and, therefore, we must regard the motion to dismiss, as based upon the fact of the non-residence, and his failure to give a sufficient bond and security for the costs of suit, before it was instituted, which, under the provisions of the Revised Statutes of this state, (which were in force, and furnished the rule of decision when this motion was made), would, if admitted or established by competent legal proof, have been a sufficient ground to dismiss the suit, of which the plaintiffs in error could have availed themselves on motion. But they held the affirmative of the proposition, and the law cast upon them the burthen of proving, first, that Dudley was a non-resident of the state when he instituted the suit; and secondly, that he had failed to give sufficient security for the costs of suit, prior to the institution thereof, as required by the statute; and their failure to establish either, would be a sufficient ground upon which to justify the decision of the court overruling the motion; but no question as to the sufficiency of the security given could legitimately arise, until the fact of Dudley's non-residence was established, which could only be done by his own admission, or some other competent legal testimony. And although this fact may have been, and probably was, admitted or proved upon the hearing of the motion in the court below, yet, however the fact may have been, we are left wholly to conjecture, for the record as to that is entirely silent; and in support of this judgment, we are bound by law to presume, that it was neither admitted or proved; and if the fact was otherwise, the plaintiffs in error could, by bill of exceptions, or otherwise, have caused it to be made a part of the record, and thereby enabled this court to revise and correct the decision of the Circuit Court, if it was erroneously given to their prejudice. But this being admitted, they have thereby subjected their case to the full operation and influence of the legal presumption in favor of the judgment against them, as well as the rule which requires of every party demanding the correction of errors, or the revision and reversal of a judgment, to prove affirmatively, by the record itself, the existence of some error by which his rights are prejudiced. The principles, and the reasons, and authority, upon which they have been established and affirmed, have, on several

Smith *and others against* Dudley.

occasions, been discussed, examined, stated, approved, and enforced, by this court, and their application to this case appears to us manifest and conclusive upon the question. For the fact of Dudley's non-residence is no where stated in the record, or even mentioned or recited in the bond for costs, transcribed with it. There is nothing, therefore, in the record, which even conduced to prove the fact or raise the presumption that he was a non-resident of this state when the suit was commenced. Consequently, there does not appear to have been any necessity for a bond and security for costs, and of course no question as to the sufficiency of bond for costs, if one was actually made and on file, could have legitimately arisen on the motion, and any discussion thereupon, would be idle and useless; and for this reason, we refrain expressing opinion as to the sufficiency of the bond transcribed with the record, or whether it comprises any part of it, not being expressly made a part thereof by bill of exceptions or otherwise.

Whereupon, it is our opinion, that the judgment of the Circuit Court of Chicot county, given in this case, ought to be, and the same is hereby, in all things, affirmed, with costs.